Leo SMOTHERMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 40328.

Court of Criminal Appeals of Texas.

May 10, 1967.

Rehearing Denied June 14, 1967.

Jack J. Rawitscher, Dixie & Schulman, Houston, for appellant.

Carol S. Vance, Dist. Atty., Richard M. DeGuerin and Frank Price, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., of Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Tried before the court on his plea of not guilty, appellant was found guilty and assessed a fine of $50 for the violation of Art. 1350 Vernon's Ann.P.C. which defines the offense of injury to property belonging to another.

The complaint and information alleged that on or about March 21, 1966, appellant and another wilfully injured an automobile belong to Clinton Fontenot without his consent by bending the door of said automobile, the extent of the injury to said property being of the value of less than $50.

Severance was granted.

The state introduced evidence sufficient to show that the door of the automobile being driven by one Mike Robertson and occupied by Clinton Fontenot's 18 year old stepson, Charles Kenneth Quinn, was struck by a bottle thrown by appellant and the door was injured by being bent or dented.

Clinton Fontenot testified that he purchased the automobile and had certificate of title to it, and that he did not give appellant consent and permission to dent or injure the automobile.

Both Fontenot and his stepson gave testimony to the effect that Fontenot had given the automobile to his stepson, Charles Kenneth Quinn, on certain conditions but did not transfer the title and after the injury was inflicted he took possession of it

when his stepson ceased to perform his obligation.

█ In his brief filed in the trial court appellant first contends that his plea of former acquittal should have been sustained.

In the former trial appellant was tried under an information which alleged wilful injury on his part to an automobile owned by Charles Kenneth Quinn and he was acquitted. The certified copy of said information appears as Defendant's Exhibit No. 1 at the hearing on the motion to quash on the ground of former acquittal. We note on the back of said information the notation "Instructed verdict not guilty—ownership in wrong person."

In the case at bar, the information alleged wilful injury on the part of appellant to an automobile belonging to Clinton Fontenot. The evidence necessary to support the information in the case at bar would not have been sufficient to sustain a conviction upon the first information. Appellant's contention is overruled.

█ The rule appears to be that if the name of the injured party in the two indictments or informations is not the same, the plea of former acquittal is ordinarily bad on its face. 1 Branch's Ann.P.C.2d, Sec. 652; Kinney v. State, 67 Tex.Cr.R. 175, 148 S.W. 783; Davidson v. State, 40 Tex.Cr.R. 285, 49 S.W. 372.

Appellant's other contention is that there was a fatal variance between the information and the proof offered relating to ownership.

█ The evidence is sufficient to sustain a finding by the court that the automobile belonged to Clinton Fontenot at the time it was injured without his consent.

The judgment is affirmed.