Brenda Sue BAILEY, John Babin, James Schnur, Ralph Schnur, and Charles Coleman, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 14–00–01179–CR to 14–00–01183–CR; 14–00–01381–CR to 14–00–01385–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 19, 2001.

Richard Stephanow, Houston, for appellants in Dkt. No. 14-00-01179-CR.

Cathleen Herasimchuk, Houston, for appellants in Dkt. Nos. 14-00-01179-CR to 14-00-01183; 14-00-011382-CR to 14-00-111385-CR.

Burt Springer, Houston, for appellants in Dkt. Nos. 14-00-01180-CR to 14-00-01182-CR.

Calvin Hartman, Houston, for appellees in Dkt. Nos. 14-00-01179-CR to 14-00-01183-CR; 14-00-01382-CR to 14-00-011385-CR.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

YATES, Justice.

Appellants appeal from the denial of their applications for pretrial writ of habeas corpus on the grounds that their prosecutions are barred by double jeopardy and collateral estoppel. We affirm.

Rick Collins is the owner of C & C Services, a construction company which provides services to the City of Houston. Appellants were employed by Collins to work as "flagmen" on several construction projects in which C & C Services was employed by the City of Houston. The charges against appellants arose from allegedly falsified time records submitted to Collins. Collins' agreement with the City required him to pay appellants and then request reimbursement from the City.

Appellants were charged by indictment with the offense of engaging in organized criminal activity by committing theft. In the first trial, appellants were charged with theft from the City of Houston. At the close of the State's evidence, appellants moved for an instructed verdict based upon the fact that the proof at trial did not show that the City was the owner of the misappropriated funds. The trial court granted the motion and ordered an acquittal with the following comments:

> After having reviewed the arguments of counsel and reading the brief, so that you all know for any curiosity, as I am listening to you all as the trial progresses, I make notes as to what I need to hear to satisfy the State's case. The second item was—well, first, was money misappropriated? I was able to answer that yes. The second item is, so whose money, the City's or the contractor's? Bad as it pains me to do it, I have to grant the motions based on the law. Each defendant is acquitted.

The State has now filed a second indictment against each appellant alleging the contractor, Rick Collins, as the owner of the misappropriated funds. Appellants filed applications for writ of habeas corpus and special pleas in double jeopardy in the trial court alleging the second prosecution is barred by double jeopardy and collateral estoppel.

In reviewing a trial judge's decision to grant or deny relief on a writ of habeas corpus, we afford almost total deference to a trial judge's determination of the historical facts supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex.Crim.App.1999). We afford the same amount of deference to the trial judge's rulings on applications of law to fact questions if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* at 526. If the resolution of those ultimate questions turns on an application of legal standards, however, we review the determination *de novo*. *Id.*

The double jeopardy clause provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. Amend. V. The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 164–65, 97 S.Ct. 2221, 2224–25, 53 L.Ed.2d 187 (1977). In determining whether the double jeopardy clause has been violated, we ordinarily apply the *Blockburger* test. The *Blockburger* test states, "that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two of-

fenses or only one is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

In cases where a defendant's conduct allegedly violates the same statute more than once, we do not apply the *Blockburger* test. Instead, we must determine whether that conduct constituted more than one offense under the statute as a matter of statutory interpretation. *Vineyard v. State*, 958 S.W.2d 834, 836–37 (Tex.Crim.App.1998). This determination is necessary because, although our state courts are bound by United States Supreme Court decisions interpreting the scope of double jeopardy, the determination of what constitutes an offense is largely a matter of state law. *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Crim.App.1992).

Once the legislative body has defined a statutory offense by the "allowable unit of prosecution," that proscription determines the scope of protection afforded by a prior conviction or acquittal. *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim.App.1989). Under the organized criminal activity statute, the operative action is committing or conspiring to commit one or more of the specified crimes:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination ..., he commits or conspires to commit one or more of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft....

TEX.PENAL CODE § 71.02. With regard to organized criminal activity where a conspiracy is not alleged, such as in this case, the statute provides that a person is guilty of an offense if, with the requisite intent,

he commits one or more of the specified crimes. Therefore, the allowable unit of prosecution would consist of the commission of the underlying offense, in this case, theft. *See Ex parte Starnes,* 993 S.W.2d 685, 689 (Tex.App.—Houston[14th Dist.] 1999, pet. ref'd).

The facts of this case are similar to those in *Smotherman v. State,* 415 S.W.2d 430, 431 (Tex.Crim.App.1967). In *Smotherman,* the wrong person was alleged as the owner of the property and the defendant was acquitted based on the incorrect pleading. The appellant in *Smotherman* was then re-indicted for damaging the property of the correct owner. The property remained the same; only the name of the owner changed. The court held that an acquittal of damaging property of the wrong person does not bar the re-indictment for damaging property of the correct owner. *Id.* Here, appellants were originally indicted for stealing from the City. The trial court found no evidence of theft from the City and entered judgments of acquittal. Subsequently, the State obtained indictments against appellants for stealing from Rick Collins. As in *Smotherman,* the first acquittal does not bar retrial against the correct owner.

Appellants rely on *Ex parte Coleman,* 940 S.W.2d 96 (Tex.Crim.App.1996), for the proposition that a single theft of property will support only a single conviction. In that case, the first prosecution was for committing the offense of theft against an unknown victim. The second prosecution actually named the victim of the theft. In *Coleman,* the owner was the same person in both prosecutions. Here, the State has alleged property was taken from a different owner.

 Under the appropriate standard of review, the burden is on the accused to demonstrate entitlement to double jeopardy relief. To determine whether jeopardy

attached, the court must inquire whether violation of the statute contains an element not contained in the other. *See Vineyard v. State* 958 S.W.2d at 836–37. If a different element is present, double jeopardy does not attach. *Id.* If each element of the offense in the first indictment is identical to the offense in the second indictment, double jeopardy attaches and bars successive prosecution. *Id.*

Appellants have not met their burden of showing that the elements of the two offenses are identical. Under the second set of indictments, the State must prove Rick Collins owned the misappropriated money. Under the first set of indictments, the State was required to prove the City of Houston owned the misappropriated money. Because the Court of Criminal Appeals has held that taking property from two owners during the same criminal transaction constitutes two distinct offenses, appellants' jeopardy rights have not been violated. *See Iglehart v. State,* 837 S.W.2d at 127; *Smotherman,* 415 S.W.2d at 431.

 Appellants further claim the second prosecution is barred by collateral estoppel. The fifth amendment prohibition against double jeopardy encompasses collateral estoppel. *Ladner v. State* 780 S.W.2d 247, 250 (Tex.Crim.App.1989). Collateral estoppel is the principle that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). *Ashe* mandates two inquiries: First, what facts were necessarily determined in the first lawsuit? Second, has the prosecution in a subsequent trial tried to relitigate facts necessarily established against it in the first trial? *Dedrick v. State,* 623 S.W.2d 332, 336 (Tex. Crim.App.1981) (*citing United States v.*

*Mock,* 604 F.2d 341 (5th Cir.1979)). It is, of course, necessary to consider whether the issue in the second trial is actually the same as the issue decided in the earlier criminal case. WAYNE R. LAFAVE & JEROLD H. ISRAEL, 2 CRIMINAL PROCEDURE, § 17.4 at 381 (1984).

■ The application of the collateral estoppel rule requires the reviewing court to examine the entire record of the prior proceedings to determine what issue or issues were foreclosed. *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194; *State v. Nash,* 817 S.W.2d 837, 840 (Tex.App.—Amarillo 1991, pet. ref'd). The doctrine is a narrow one, and the test is, whether the verdict was necessarily grounded upon an issue which the defendant seeks to foreclose from litigation, not whether there is a possibility that some ultimate fact has been determined adversely to the State. *Nash,* 817 S.W.2d at 840; *see Ex parte Lane,* 806 S.W.2d 336, 338 (Tex.App.—Fort Worth 1991, no pet.). Collateral estoppel precludes a subsequent prosecution only if the matters to be re-litigated dictated the previous acquittal, and the fact-finder could not rationally have based its verdict on an issue other than the issue the defendant seeks to foreclose. *Nash,* 817 S.W.2d at 840–41; *see also Wright v. Whitley,* 11 F.3d 542, 545 (5th Cir.), *cert denied,* 511 U.S. 1144, 114 S.Ct. 2168, 128 L.Ed.2d 890 (1994).

As stated earlier, the elements of the two offenses require different proof as to ownership. Therefore, the acquittal in the first trial does not estop the State from trying appellants under the pending indictments. Because appellants' double jeopardy rights have not been violated, we affirm the judgment of the trial court.