NO. 07-03-0106-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 23, 2005
_____

TERRY ROJAS PERKINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-01J-152; HON. H. BRYAN POFF, JR., PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant, Terry Rojas Perkins, appeals from her conviction of theft by check. In doing so, she claims in one issue that the trial court erred in denying her special plea of double jeopardy. We affirm the judgment of the trial court.

### *Background*

In a prior proceeding in county court, appellant was charged in Cause No. 00-0147 for the offense of theft by check from Jim Feagan on December 23, 1999, in an amount of $20 or more but less than $500. She pled guilty, was convicted, and was placed on probation for one year. One of the terms of her probation was that she make restitution on

15 insufficient checks which were identified by amount and person. The State later sought to revoke her probation, and the trial court entered an agreed order on November 9, 2000, extending her probation and increasing the amount of restitution. When the State again sought to revoke her probation, she pled true to the alleged violations, one of which was the failure to make restitution, and was sentenced on January 30, 2003, to 180 days in the county jail.

In the meantime, appellant was indicted on October 18, 2001, in the current proceeding for theft by check in 41 counts. Furthermore, the aggregate value of the property allegedly obtained through the theft was $1,500 or more but less than $20,000. Appellant filed a special plea of double jeopardy contending that the checks for which she was ordered to make restitution in Cause No. 00-0147 were included in the indictment in this cause (No. CR-01J-152). This subjected her to being twice punished for the same offense, she alleged. After the trial court denied the claim, she pled guilty.

*Applicable Law*

We review a trial court's decision to deny a double jeopardy claim under an abuse of discretion standard. *Vasquez v. State,* 22 S.W.3d 28, 31 (Tex. App.–Amarillo 2000, no pet.). In other words, the decision must fall outside the "zone of reasonable disagreement." *Benitez v. State,* 5 S.W.3d 915, 918 (Tex. App.–Amarillo 1999, pet. ref'd). Moreover, in determining if it did, we consider issues of law *de novo*. *Vasquez v. State,* 22 S.W.3d at 31. However, when issues of fact underlying the decision were disputed or the resolution of those issues depended upon consideration of the credibility and demeanor of witnesses, we must defer to the manner in which the trial court resolved those issues and applied the facts to the law involved. *Id.* at 31-32.

Next, the burden is on the defendant to come forward with evidence in support of his allegation of double jeopardy. *Anderson v. State,* 635 S.W.2d 722, 725 (Tex. Crim. App. 1982); *Bowen v. State,* 131 S.W.3d 505, 509 (Tex. App.–Eastland 2004, pet. ref'd); *Bailey v. State,* 44 S.W.3d 690, 694 (Tex. App.–Houston [14th Dist.] 2001), *aff'd,* 87 S.W.3d 122 (Tex. Crim. App. 2002). Thus, he must produce a record showing on its face that the State is attempting to punish him twice for the same offense. *See Gonzalez v. State,* 8 S.W.3d 640, 645 (Tex. Crim. App. 2000). Additionally, if the record fails to contain evidence to support the plea of jeopardy, we may not reverse the trial court's ruling. *Anderson v. State,* 635 S.W.2d at 726.

*Application of Law*

The record includes a Restitution Breakdown that lists the debts that appellant was required to repay as a condition of her probation. The breakdown identified the entities and/or individuals to whom the defendant was indebted and the amount owed. However, there is no further identification of the debts by date or check number. Next, while the indictment in Cause No. CR-01J-152 mentions the name of the persons to whom the bad checks were written, nothing is said of the check number or its specific amount. And, while some of the names mentioned in the breakdown match some in the indictment, not all do. Furthermore, the Breakdown of Restitution attached to the order placing appellant on community supervision in this proceeding also contains only the entity and/or person owed and the amount, but no check number.[1] Thus, upon the record before us, the trial court could have held that appellant failed to prove that the same checks were involved in both

---

[1] We do not find that this list was before the trial court at the time that it ruled on the plea of double jeopardy.

3

proceedings and, therefore, that appellant was in fact being punished twice for the same offense. And, because of that, the trial court did not abuse its discretion in denying the plea.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam

Johnson, C.J., not participating.

Do not publish.