

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00159-CR
### No. 10-22-00160-CR
### No. 10-22-00161-CR

**CARLOS ENRIQUE LORDUY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 443rd District Court
### Ellis County, Texas
### Trial Court Nos. 44583CR, 44584CR, and 44585CR

## MEMORANDUM OPINION

Carlos Enrique Lorduy was charged by multiple grand jury indictments with the third-degree felony offense of assault upon a person who was a member of Lorduy's family or household by impeding the person's normal breathing or circulation (assault family violence by strangulation), with the second-degree felony offense of aggravated assault with a deadly weapon causing bodily injury, with the second-degree felony

offense of aggravated assault with a deadly weapon by threat, with the third-degree felony offense of continuous violence against the family, and with the felony offense of animal cruelty. The jury acquitted Lorduy of aggravated assault with a deadly weapon by threat and animal cruelty. The jury found Lorduy guilty of assault family violence by strangulation, aggravated assault with a deadly weapon causing bodily injury, and continuous violence against the family. The jury assessed Lorduy's punishment at four years, eight years, and three years, respectively, in the penitentiary, and the trial court imposed sentence accordingly. Lorduy brings this appeal and raises five issues.

## Issues One, Four, and Five

In issue one, Lorduy contends that it was a double-jeopardy violation under the Fifth Amendment of the United States Constitution and a violation of Penal Code section 25.11(d) for the State to subject him to multiple prosecutions and multiple punishments, purportedly circumventing legislative intent as it relates to allowable units of prosecution. Despite the issue as set forth in Lorduy's brief, Lorduy's argument is that his trial counsel was ineffective for not filing a pretrial motion to quash or set aside the indictment and that, as a result, he was punished for the same offense in violation of the multiple-punishment protections provided by the double-jeopardy clause of the Fifth Amendment. In Lorduy's fourth issue, he contends that the record as a whole demonstrates his trial counsel was ineffective. Lorduy argues that trial counsel failed to investigate the victim's criminal and social history, failed to call an expert witness, failed

to file a motion to dismiss under article 32.01 of the Code of Criminal Procedure, and failed to conduct pretrial discovery. In Lorduy's fifth issue, he contends that prior appellate counsel was ineffective for failing to properly raise an issue at the hearing on his motion for new trial.

Issue one raises a double-jeopardy complaint and an ineffective-assistance-of-counsel complaint. We will address the double-jeopardy issue first and then address all ineffective-assistance-of-counsel issues together.

**Double Jeopardy**

Lorduy contends that convicting him of "10 counts . . . violated legislative intent, i.e., subject[ed] [him] to double jeopardy." The "10 counts" referred to by Lorduy are the specific underlying acts of bodily-injury assault alleged in the continuous-violence-against-the-family indictment. Lorduy's rationale is that the assault-family-violence-by-strangulation and the aggravated-assault-with-a-deadly-weapon-causing-bodily-injury convictions with the continuous-violence-against-the-family conviction exceed the allowable units of prosecution. Lorduy relies on *Ellison v. State*, 425 S.W.3d 637 (Tex. App.—Houston [14th Dist.] 2014, no pet.), to support his contention. In *Ellison*, the State charged the defendant in two separate indictments with continuous violence against the family. One indictment alleged two specific underlying acts of bodily-injury assault, and the other indictment alleged three specific underlying acts of bodily-injury assault. *Id.* at 640. The problem in *Ellison* was that the same two underlying acts of bodily-injury assault

were repeated in both indictments. *Id.* at 645. The court reasoned that "a double jeopardy violation results if the State attempts to punish [the defendant] for any underlying bodily-injury assault both under a separate assault count and as part of a continuous family violence count." *Id.* at 647. The court concluded that the "plain, clear language of section 25.11 indicates that the allowable unit of prosecution for double jeopardy purposes here is a series of at least two bodily-injury assaults committed within a certain 12–months–or–less period against a single victim in a dating relationship with [the defendant]." *Id.* at 648. The court added that "section 25.11 indicates that only one punishment is intended in cases of continuous family violence where the specific underlying acts of bodily-injury assault upon which the defendant was convicted occurred against the same victim and within the same period the continuous family violence occurred." *Id.* However, "'the scope of [double jeopardy] protection afforded by a prior conviction' for continuous violence against the family thus would not reach any conduct falling outside such allowable unit of prosecution, for which [the defendant] had not already been punished." *Id.* (quoting *Bailey v. State*, 44 S.W.3d 690, 693 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 87 S.W.3d 122 (Tex. Crim. App. 2002)).

In the case before us, the victim is the same in each charged offense. Lorduy's charge of continuous violence against the family alleged ten specific underlying acts of bodily-injury assault occurring between January 1, 2018, and June 3, 2018. Lorduy's charge of aggravated assault with a deadly weapon was alleged to have occurred on June

13, 2018, and his charge of assault family violence by strangulation was alleged to have occurred on June 23, 2018; neither was included as a specific underlying act of bodily-injury assault in the continuous-violence-against-the-family charge. Further, section 25.11(a) of the Penal Code limits the underlying acts of bodily-injury assault in charging continuous violence against the family to "conduct that constitutes an offense under Section 22.01(a)(1)" of the Penal Code. *See* TEX. PENAL CODE ANN. § 25.11(a). Lorduy's charge of aggravated assault with a deadly weapon is an offense under section 22.02 of the Penal Code, and the assault-family-violence-by-strangulation charge is an offense under section 22.01(b)(2)(B) of the Penal Code. These are not predicate offenses for the offense of continuous violence against the family. Additionally, the conduct upon which Lorduy's charges of aggravated assault with a deadly weapon and assault family violence by strangulation are based falls outside the allowable unit of prosecution because Lorduy had not been punished for the conduct. *See Ellison*, 425 S.W.3d at 648. We conclude the multiple punishments imposed do not exceed the allowable units of prosecution or violate double-jeopardy protections.

**Ineffective Assistance of Counsel**

"Under *Strickland v. Washington*, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] a defendant seeking to challenge counsel's representation must establish that his counsel's performance (1) was deficient[ ] and (2) prejudiced his defense." *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). To show deficiency, a defendant must prove

by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms. *Id.* And to show prejudice, a defendant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "'Reasonable probability' is a 'probability sufficient to undermine confidence in the outcome,' meaning 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068). A defendant must overcome the strong presumption that trial counsel's decisions and actions fell within a wide range of professional and reasonable assistance. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

An ineffective-assistance claim may be raised in a motion for new trial. *Smith*, 286 S.W.3d at 340. We review the "denial of a motion for new trial for an abuse of discretion, reversing only if no reasonable view of the record could support the trial court's ruling." *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). And we are required "to view the evidence in the light most favorable to the trial court's ruling." *Id.* "In determining whether the trial court abused its discretion, an appellate court must not substitute its own judgment for that of the trial court, and it must uphold the trial court's ruling if it is within the zone of reasonable disagreement." *Id.* If there are two reasonable views of the evidence, the trial court's ruling is within the zone of reasonable disagreement. *Id.*

During the hearing on the motion for new trial, Lorduy's trial counsel was questioned regarding his investigation into the victim's criminal and social history, his reason for not calling an expert witness or filing a motion to dismiss, and the extent of his pretrial discovery. All topics serve as the basis of Lorduy's current complaints.

*Double Jeopardy*

The record reflects that Lorduy's trial counsel did not file a pretrial motion to quash or set aside the indictment on double-jeopardy grounds. Lorduy argued in his motion for new trial that trial counsel's failure to do so amounted to ineffective assistance. We disagree.

"The multiple-punishments protection against double jeopardy does not prohibit multiple jury verdicts of guilt within a single trial but only the imposition of multiple convictions and multiple punishments." *Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *6 (Tex. App.—Austin Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Ex parte Aubin*, 537 S.W.3d 39, 43 (Tex. Crim. App. 2017), *Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009), and *McGuire v. State*, 493 S.W.3d 177, 201–02 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd)). When a conviction occurs in a single criminal trial, the role of the double-jeopardy guarantee "is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Aubin*, 537 S.W.3d at 43 (quoting *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)). It is only upon entry of a judgment for multiple

offenses, after sentencing, that a multiple-punishments violation even occurs. *Id*. at 43–44. If Lorduy's trial counsel had filed a pretrial motion to quash or set aside the indictment asserting a claim of multiple punishments in the trial court, it would have been premature because the sentence had not been imposed and no judgment had been entered that subjected Lorduy to multiple punishments for the same offense. Counsel is not deficient for failing to raise meritless claims. *See Ex parte Covarrubias*, 665 S.W.3d 605, 623 (Tex. Crim. App. 2023).

*Discovery & Investigation*

Trial counsel indicated in his testimony that he did not file any pretrial discovery motion because the trial court had a standing pretrial order that required disclosure by the State to trial counsel. Trial counsel's testimony reflected that he reviewed discovery, including photographs, and had "two red-rope folders of discovery." The victim was disclosed by the State as a witness, so pursuant to the trial court's standing pretrial order, the State was required to disclose any "[p]rior felony or misdemeanor convictions involving moral turpitude" of the victim. It is also clear from the record that Lorduy provided trial counsel with a great deal of information regarding the victim's background and history. The record reflects that trial counsel asked the victim on cross-examination about her supervised visitation with her child, her past drug problem, her methamphetamine use, her medication for psychotic behavior, the reasons for losing custody of her child, her use of physical force against her mother, her poor relationship

with her mother, her attacking Lorduy, her failure to report Lorduy's abuse when it occurred, her striking Lorduy's dog, and her personal psychological and emotional issues. The trial court noted when ruling on Lorduy's motion for new trial that the trial was a "pitched battle," much of it over trial counsel trying to get "bad stuff" into evidence about the victim, which trial counsel "succeeded tremendously" in doing.

Lorduy does not complain on appeal of any unfair surprise resulting from the State's failure to disclose information during the trial. In fact, the State filed a three-page document titled "State's Discovery Responses" that alleged eight prior convictions, crimes, wrongs, or bad acts on the part of Lorduy. The State's disclosure also invited trial counsel to "review the [State's] file for any information that has not been disclosed." Furthermore, the State filed a notice of intention to use extraneous offenses pursuant to article 38.371, State's Notice of Expert Witnesses, State's Supplemental Notice of Expert Witnesses, and State's Notice of Intent to Call Witnesses. Trial counsel filed a Request for Notice of Intent to Offer Extraneous Conduct and Evidence of Conviction. Also included in the clerk's record is a document titled "State's Production of Discoverable Items in Compliance with Article 39.14 of the Texas Code of Criminal Procedure," which included the following:

> The undersigned parties hereby acknowledge that the State provided discovery equal to or greater than is required by Texas Code of Criminal Procedure Article 39.14. The undersigned parties hereby acknowledge that the items referenced in the discovery receipt(s) have been delivered by the State to the Defense and the items referenced in the

discovery receipt(s) were received by the Defense on the dates specified there-in.

The document was signed by Lorduy, his lawyer, and the State's attorney. Lorduy has not shown that the State failed to disclose evidence or that there was any unknown evidence beneficial to Lorduy that could have been disclosed by the filing of discovery motions or interviewing the State's witnesses. *See Wert v. State*, 383 S.W.3d 747, 756–57 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Additionally, Lorduy does not state what the investigation or interview would have revealed that reasonably could have changed the result of this case. *See Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

*Expert Witness*

Trial counsel testified that he did not request a trauma expert because the victim's injuries were very severe. Trial counsel indicated that having a trauma expert look at the victim's injuries and Lorduy's injuries would not have been exculpatory to Lorduy. Counsel particularly emphasized a mark on the victim's forehead that the victim claimed was cause by Lorduy striking her with a gun. Trial counsel concluded that if he "had to try it all over again[,] I still would not call a, quote, trauma expert." Lorduy did not adduce evidence showing that such an expert was available or that the expert could have offered beneficial testimony. *See Jones v. State*, 500 S.W.3d 106, 116 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Cantu v. State*, 993 S.W.2d 712, 719 (Tex. App.—San Antonio 1999, pet. ref'd)).

*Article 32.01 Motion to Dismiss*

Lorduy's next complaint is that trial counsel was ineffective when he failed to file a motion to dismiss under article 32.01 of the Code of Criminal Procedure after 180 days had elapsed since Lorduy had been arrested. *See* TEX. CODE CRIM PROC. ANN. art. 32.01. Article 32.01 "prevents citizens from being left in jail or on bail for long periods of time without being indicted." *Ex parte Martin*, 6 S.W.3d 524, 529 (Tex. Crim. App. 1999). "The State must indict within the period set by article 32.01, show good cause for the delay, or suffer the dismissal of the charges." *Id.* "[U]pon dismissal of the charges, the accused repossesses certain liberty interests; he is out of jail and off bail until the grand jury presents an indictment." *Id.* The relief is only temporary, and article 32.01 has no application once an indictment is returned. *Brooks v. State*, 990 S.W.2d 278, 285 (Tex. Crim. App. 1999).

The record before us reflects that Lorduy was on bond while this matter was pending, and a little over thirty days lapsed between the 180-day deadline after his arrest and the date of indictment. Trial counsel could not recall whether he considered filing a motion to dismiss under article 32.01 and agreed that, regardless, the State would have presented the case to the grand jury and that the grand jury would have indicted Lorduy.

*Prior Appellate Counsel*

Lorduy argues that his prior appellate counsel who represented him in the trial court during the hearing on his motion for new trial was ineffective for failing to

introduce a probable cause affidavit and arrest warrant. Lorduy attempted to supplement the record by motion requesting the probable cause affidavit and arrest warrant be included in the record; however, Lorduy's request was denied. Despite our denial of Lorduy's request to supplement the record, appellate counsel attached the documents to his brief that Lorduy sought to have included in the record. We cannot consider material not introduced into evidence, nor can we consider the documents attached to Lorduy's brief. *See Caldwell v. State*, 672 S.W.2d 244, 245 (Tex. App.—Waco 1983, pet. ref'd).

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record is silent, as in this case, regarding the reasons for counsel's conduct, a finding that counsel was ineffective requires impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Thus, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate or decide an ineffective-assistance-of-counsel claim. *See Bone*, 77 S.W.3d at 833. "[A]n application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims." *Rylander*, 101 S.W.3d at 110. To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533–

34 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

The record before us is completely silent as to prior appellate counsel's strategy on not seeking admission of a probable cause affidavit or arrest warrant in the trial court before the hearing on the motion for new trial. A record such as this cannot adequately reflect the failings of counsel sufficiently enough for an appellate court to fairly evaluate the merits of such a serious allegation. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

Accordingly, we cannot say that Lorduy has established that his prior appellate counsel was ineffective. *See Smith*, 286 S.W.3d at 339–41.

Based upon the evidence, the trial court could reasonably have found that Lorduy has not shown (1) that trial counsel's representation objectively fell below the standard of professional norms, or (2) that the result of the proceeding would have been different. *See id.* at 340.

We conclude, after viewing the evidence in the light most favorable to the trial court's ruling, that the trial court acted within its sound discretion in denying Lorduy's motion for new trial.

We therefore overrule Lorduy's first, fourth, and fifth issues.

## Issue Two

In his second issue, Lorduy contends that the trial court erred by denying his motion for mistrial due to the State's introduction of prior instances of misconduct in front of the jury.

AUTHORITY

The grant of a motion for mistrial is only an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). The grant of a mistrial is "an extreme remedy" utilized only when residual prejudice remains after less drastic alternatives are explored. *Id.* at 884–85. "A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Id.* at 884. The denial of a motion for mistrial is reviewed for an abuse of discretion and must be upheld if it was within the zone of reasonable disagreement. *Id.* "An appellate court views the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling." *Id.*

> . . . [T]he appropriate test for evaluating whether the trial court abused its discretion in overruling a motion for mistrial is a tailored version of the test originally set out in *Mosley v. State*, 983 S.W.2d 249, 259–60 (Tex. Crim. App. 1998), a harm analysis case. *See Hawkins* [*v. State*], 135 S.W.3d [72,] 77 [(Tex. Crim. App. 2004)]. The *Mosley* factors that we consider in determining whether the trial court abused its discretion in denying a mistrial . . . are: (1) the prejudicial effect, (2) curative measures, and (3) the certainty of conviction absent the misconduct. [*See id.*;] *Mosley*, 983 S.W.2d at 259.

*Watson v. State*, No. 10-14-00359-CR, 2016 WL 3452777, at *3 (Tex. App.—Waco June 22, 2016, no pet.) (mem. op., not designated for publication) (quoting *Abbott v. State*, 196 S.W.3d 334, 347 (Tex. App.—Waco 2006, pet ref'd)).

Instructions by the trial court "to the jury are generally considered sufficient to cure improprieties that occur during trial," and "we generally presume that a jury will follow the judge's instructions." *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). "A witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard." *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (per curiam). "An exception exists where the reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

DISCUSSION

The following exchange transpired between the State's attorney and the victim during the trial:

Q. . . . Now, did you go to the police after this event?

A. I did not.

Q. Why is that?

A. I was afraid.

Q. What were you afraid of?

A. What would happen. What would happen.

Q. By "what would happen," what do you mean?

A. Well, for one thing, we were going through a custody battle with my mom and he had been in trouble for abusing me.

Trial counsel asked to approach and objected to the last question and answer on the grounds that it was "a violation of the motion in limine . . . she just accused my client of some sort of abuse that they were going through with CPS." Trial counsel also requested that the victim's response be stricken and that the State should be prohibited from going into the subject. The State's attorney indicated that he was not planning on getting into the matter without first taking up the matter outside the presence of the jury. The trial court indicated he thought "we were on the first incident" and that the victim was talking about "something prior." Trial counsel then moved for a mistrial, and the trial court overruled the motion. Once the bench conference concluded, the trial court sustained Lorduy's objection, ordered the answer stricken, and ordered the jury to disregard.

Considering the *Mosley* factors, we cannot say that the trial court abused its discretion in overruling the motion for mistrial. It is unclear whether the State's attorney's question was even intended to solicit a response from the victim that Lorduy "had been in trouble for abusing me." Additionally, the State's attorney's acknowledgement that he was not planning on getting into such matters without first taking it up outside the presence of the jury appears to indicate it was not his intent to inject an extraneous act. Any prejudicial effect from what appears to be an unsolicited

response to the State's attorney's question was curable by the trial court's instruction to disregard. No evidence was presented to rebut the presumption that the jury obeyed the trial court's instruction to disregard. Finally, the evidence favorable to the conviction was strong and came directly from the victim with much of the abuse documented with photographs. The victim testified that she could not count the times Lorduy had abused her. Lorduy attempted to portray the victim as the instigator, which was by the jury's verdict rejected. Because the record contains ample evidence to convict, the single mention that Lorduy had been in trouble for abusing the victim is insufficient to warrant disturbing the trial court's discretion to overrule Lorduy's motion for mistrial.

We therefore overrule Lorduy's second issue.

**Issue Three**

In this issue, Lorduy contends that the trial court erred by holding a 702 Hearing in the presence of the jury. *See generally* TEX. R. EVID. 702. Lorduy argues in his brief that Rules 104(a) and (c), 702, 401, and 402 require a trial court to make three separate inquires before expert testimony may be admitted. Therefore, it is Lorduy's position that Rules 702 and 104(a) and (c) were violated because the expert witness was qualified in the presence of the jury.

AUTHORITY

> . . . To preserve error for appellate review: (1) the complaining party must make a timely objection specifying the grounds for the objection, if the grounds are not apparent from the context; (2) the objection must be made

at the earliest possible opportunity; and (3) the complaining party must obtain an adverse ruling from the trial court.

*Rogers v. State*, 291 S.W.3d 148, 151 (Tex. App.—Texarkana 2009, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)(1), and *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002)). An objection that does not invoke the trial court's "gatekeeper" function to conduct a hearing outside the presence of the jury will not preserve any possible error on that ground. *See Pouncy v. State*, No. 01-01-01048-CR, 2002 WL 31388799, at *2 (Tex. App.—Houston [1st Dist.] Oct. 24, 2002, pet. ref'd) (mem. op., not designated for publication).

DISCUSSION

Lorduy did not object during trial, nor did he request that the trial court conduct a gatekeeping hearing outside the presence of the jury when the complained of expert witnesses were called to the witness stand by the State's attorney. Thus, Lorduy failed to preserve any potential error. *See* TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a).

We overrule Lorduy's third issue.

**Conclusion**

Having overruled Lorduy's issues, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith

Affirmed
Opinion delivered and filed August 23, 2023
Do not publish
[CR25]

