NO. 07-03-0106-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 23, 2005


______________________________



TERRY ROJAS PERKINS, 



 Appellant

v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-01J-152; HON. H. BRYAN POFF, JR., PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant, Terry Rojas Perkins, appeals from her conviction of theft by check. In
doing so, she claims in one issue that the trial court erred in denying her special plea of
double jeopardy. We affirm the judgment of the trial court.

Background


 In a prior proceeding in county court, appellant was charged in Cause No. 00-0147 
for the offense of theft by check from Jim Feagan on December 23, 1999, in an amount of
$20 or more but less than $500. She pled guilty, was convicted, and was placed on
probation for one year. One of the terms of her probation was that she make restitution on
15 insufficient checks which were identified by amount and person. The State later sought
to revoke her probation, and the trial court entered an agreed order on November 9, 2000,
extending her probation and increasing the amount of restitution. When the State again
sought to revoke her probation, she pled true to the alleged violations, one of which was
the failure to make restitution, and was sentenced on January 30, 2003, to 180 days in the
county jail.

 In the meantime, appellant was indicted on October 18, 2001, in the current
proceeding for theft by check in 41 counts. Furthermore, the aggregate value of the
property allegedly obtained through the theft was $1,500 or more but less than $20,000. 
Appellant filed a special plea of double jeopardy contending that the checks for which she
was ordered to make restitution in Cause No. 00-0147 were included in the indictment in
this cause (No. CR-01J-152). This subjected her to being twice punished for the same
offense, she alleged. After the trial court denied the claim, she pled guilty.

Applicable Law


 We review a trial court's decision to deny a double jeopardy claim under an abuse
of discretion standard. Vasquez v. State, 22 S.W.3d 28, 31 (Tex. App.-Amarillo 2000, no
pet.). In other words, the decision must fall outside the "zone of reasonable disagreement." 
Benitez v. State, 5 S.W.3d 915, 918 (Tex. App.-Amarillo 1999, pet. ref'd). Moreover, in
determining if it did, we consider issues of law de novo. Vasquez v. State, 22 S.W.3d at
31. However, when issues of fact underlying the decision were disputed or the resolution
of those issues depended upon consideration of the credibility and demeanor of witnesses,
we must defer to the manner in which the trial court resolved those issues and applied the
facts to the law involved. Id. at 31-32. 

 Next, the burden is on the defendant to come forward with evidence in support of
his allegation of double jeopardy. Anderson v. State, 635 S.W.2d 722, 725 (Tex. Crim.
App. 1982); Bowen v. State, 131 S.W.3d 505, 509 (Tex. App.-Eastland 2004, pet. ref'd);
Bailey v. State, 44 S.W.3d 690, 694 (Tex. App.-Houston [14th Dist.] 2001), aff'd, 87 S.W.3d
122 (Tex. Crim. App. 2002). Thus, he must produce a record showing on its face that the
State is attempting to punish him twice for the same offense. See Gonzalez v. State, 8
S.W.3d 640, 645 (Tex. Crim. App. 2000). Additionally, if the record fails to contain
evidence to support the plea of jeopardy, we may not reverse the trial court's ruling. 
Anderson v. State, 635 S.W.2d at 726. 

Application of Law


 The record includes a Restitution Breakdown that lists the debts that appellant was
required to repay as a condition of her probation. The breakdown identified the entities
and/or individuals to whom the defendant was indebted and the amount owed. However,
there is no further identification of the debts by date or check number. Next, while the
indictment in Cause No. CR-01J-152 mentions the name of the persons to whom the bad
checks were written, nothing is said of the check number or its specific amount. And, while
some of the names mentioned in the breakdown match some in the indictment, not all do. 
Furthermore, the Breakdown of Restitution attached to the order placing appellant on
community supervision in this proceeding also contains only the entity and/or person owed
and the amount, but no check number. (1) Thus, upon the record before us, the trial court
could have held that appellant failed to prove that the same checks were involved in both
proceedings and, therefore, that appellant was in fact being punished twice for the same
offense. And, because of that, the trial court did not abuse its discretion in denying the
plea. 

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Johnson, C.J., not participating. 

 

Do not publish.
1. We do not find that this list was before the trial court at the time that it ruled on the plea of double
jeopardy. 



al to genital penetration in Count\
I is not distinct from proof of genital to genital penetration in Count II. See Vick, 991\
S.W.3d at 833 n.1. (noting proof of genital to genital penetration is distinct from proof of\
genital to mouth contact because each requires proof of an element the other does not).
\
'

var WPFootnote12 = ' See Duran v. State, No. 07-07-0110-CR, 2008 WL 794869 (Tex.App.–Amarillo\
March 26, 2008, pet. ref’d). There, the amended indictment charged the defendant with\
penetration of the victim’s sexual organ (Count II) and penetration of the victim’s anus\
(Count III). In determining the defendant was not denied grand jury review of the charges\
against him, this Court stated “the amended indictment did not charge an additional or\
different offense; it merely separated the different means of committing the same offense,\
sexual assault, into two different counts.” See Tex. Code Crim. Proc. Ann. art. 21.24(a).
\
'

var WPFootnote13 = ' But cf. Ex Parte Cavazos, 203 S.W.3d 333, 338 (Tex.Crim.App. 2006) in which\
the court overruled cases holding other factors such as degree of felony, range of\
punishment, and rules governing parole eligibility and awarding of good-conduct time\
should be used in making the determination of which offense is the most serious.
\
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-07-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 27, 2009

______________________________


ROBERT L. GONZALES, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414463; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.



MEMORANDUM OPINION
          Appellant Robert L. Gonzales, Jr. appeals from his jury conviction of two counts of
aggravated sexual assault and the resulting concurrent sentences of life imprisonment for
each count. Appellant presents us with five points of error through which he urges
reversal. We affirm the trial court’s judgment as to Count I and vacate the trial court’s
judgment as to Count II.
BackgroundBy a November 2006 indictment,


 appellant was charged with three counts of
aggravated sexual assault and one count of indecency with a child by contact, the offenses
alleged to have occurred in a single episode in July 2005.


 Following appellant’s plea of
not guilty, the matter proceeded to jury trial in January 2007. The State elected to proceed
on two aggravated sexual assault counts. One charged appellant with aggravated sexual
assault of his eight-year-old daughter by penetration of her sexual organ, the second, by
penetration of her anus.
          On July 17, 2005, following an incident during which appellant, the complainant’s
father, seriously beat complainant A.G.’s mother, eight-year-old A.G. confided to her cousin
and another female that appellant had sexually abused her the night before. A.G.’s mother
was informed of her allegations


 and A.G. was taken to the hospital for examination. A.G.
was also examined by individuals at the C.A.R.E. Center.


 Medical evidence introduced
at trial reflected that A.G. had three tears in her genitalia and her labia was “very swollen
and red.” No semen was found and no other noticeable trauma was present. 
          A.G., ten years old by the time of trial, testified that appellant vaginally and anally
penetrated her. She testified that these actions “hurt really bad” and that she screamed for
her father to stop, telling him it hurt. The assault continued until A.G.’s baby sister woke
up and cried. Appellant got up and A.G. went to the restroom, finding blood.
          The next day, A.G. saw her mother and observed the severity of her injuries. A.G.
testified she went to a social gathering at her aunt’s that day where she swam, jumped on
the trampoline, and went down the slide. A.G.’s mother testified A.G. appeared to be
behaving normally that day. The jury found appellant guilty and assessed punishment at
life imprisonment. Appellant filed a motion for new trial, which was denied without a
hearing. This appeal followed.
Issues
          Through five issues, appellant contends the trial court erred by: (1) denying his
motion for continuance filed on the day of trial; (2) overruling his offer of proof at trial and
wrongfully excluding evidence of a prior outcry and allegation of sexual abuse by A.G.
against another individual; (3) including an unduly expansive and improper definition of
“female sexual organ” in the jury instructions; (4) violating his double jeopardy rights by
convicting him of two felonies allegedly committed against the same individual on the same
occasion, differing only in their manner and means; and (5) abusing its discretion in
denying appellant’s motion for new trial without conducting an evidentiary hearing.
Analysis
Denial of Motion for Continuance and Motion for New Trial
          Appellant’s first and fifth issues address the court’s ruling regarding appellant’s
request for an appointed expert. In his first point of error, appellant argues that the trial
court erred in granting his request and appointing an expert but denying his accompanying
motion for a continuance. By doing so, he argues, the trial court denied him the right to an
effective expert as appointing one at the start of trial did not allow sufficient time for the
expert to prepare. In his fifth point of error, appellant argues the trial court abused its
discretion by denying him a hearing on his motion for new trial because the motion set forth
the need for an evidentiary hearing to resolve the question of the degree and severity of
the due process harm suffered by appellant by not having an effective expert witness
available at trial.
Motion for Continuance
          A ruling on a motion for continuance is a matter left to the sound discretion of the
trial court. Tex. Code Crim. Proc. Ann. art. 29.06 (Vernon 2006). We thus apply an abuse
of discretion standard of review to the trial court’s ruling. Heiselbetz v. State, 906 S.W.2d
500 (Tex.Crim.App. 1995); Wilson v. State, 195 S.W.3d 193, 197 (Tex.App.–San Antonio,
2006, no pet.). To prevail here, appellant also must show that he was actually prejudiced
by the trial court’s ruling. Heiselbetz, 906 S.W.2d at 511.
          Appellant’s motion for appointment of a medical expert to aid in his defense stated,
as a factual basis, that discovery in the case showed “technical medical issues relating to
the issue of penetration. More particularly, the available medical records of the alleged
victim show no evidence of semen, an intact hymen, and minor trauma to the genital areas. 
Evidence of anal penetration as charged is similarly ambiguous, at least to a layman,
showing what appears to be superficial external (?) (sic) trauma.” The motion named the
physician appellant desired to have appointed, Dr. Kevin Funk. It asserted the expert’s
services were “necessary to enable [appellant’s] counsel to prepare effectively for trial,
present favorable evidence and to confront and cross-examine the state’s medical expert
or experts.”
          The trial court granted appellant’s request and appointed Dr. Funk, but denied the
motion for continuance. On appeal, appellant contends the trial court erred because the
appointment of the expert without also granting a continuance resulted in inadequate
preparation time for the expert to assist appellant in his defense. Appellant argues that as
a consequence, appellant’s due process right to expert assistance was violated


 and he
was actually prejudiced. 
          Having reviewed the record, we find the trial court did not abuse its discretion by
denying the continuance. Appellant’s motion for continuance was filed with the motion for
appointment of a medical expert, on the morning of trial. The trial court was within its
discretion to find that the fair and efficient administration of justice weighed more heavily
in favor of denying the motion. See Greene v. State, 124 S.W.3d 789, 794
(Tex.App.–Houston [1st Dist.] 2003, pet. ref’d).
          Moreover, we are unable to see that the contention presented on appeal, i.e.,
without the continuance the appointment of a medical expert was ineffective, was ever
expressly presented to the trial court. Although the motion for continuance incorporated
by reference the motion for medical expert, the continuance motion did not tell the trial
court that one was ineffective without the other. Nor was such an argument made during
the pretrial hearing at which the request for an expert was granted. 
          Finally, the record shows that Dr. Funk reviewed A.G.’s medical record and
photographs taken at C.A.R.E. He prepared a brief report, which was received in the office
of appellant’s counsel sometime during the second day of trial. Counsel saw it sometime
after 5:00 p.m. that evening.


 Appellant has demonstrated neither an abuse of discretion
or actual prejudice resulting from the trial court’s denial of a continuance on the morning
of trial.
Motion for New Trial
           Likewise, we find the trial court did not abuse its discretion in denying appellant’s
motion for new trial without allowing him an opportunity to present evidence. Appellant’s
complaint regarding the denial of his motion for new trial is predicated on essentially the
same evidence as his complaint regarding the denial of his motion for continuance: the
trial court deprived him of due process rights in appointing an expert without also granting
a continuance. In support of his motion for new trial, appellant attached the appointed
expert’s report and an affidavit from trial counsel describing his receipt of the expert’s brief
report and his reaction to it.
          We review a trial court's denial of an evidentiary hearing on a motion for new trial
for an abuse of discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003).
A defendant's right to a hearing on a motion for new trial is not absolute. Rozell v. State,
176 S.W.3d 228, 230 (Tex.Crim.App. 2005). Thus, a trial court is not required to conduct
a hearing of the defendant's motion for new trial if the matters raised in the motion are
determinable from the record, or if the motion and supporting affidavits are not sufficient
to put the trial court on notice that reasonable grounds for a new trial may exist. Jordan
v. State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). When there are no issues presented
in a motion for new trial which would require proof to be developed outside the record, or
when the matters raised are subject to being determined from the record, there is no error
in overruling the motion without conducting an evidentiary hearing. Rodriguez v. State, 82
S.W.3d 1, 2 (Tex.App.–San Antonio 2001, pet. dism’d). As noted herein, all of the
allegations raised in appellant’s motion for new trial were determinable from the trial record
and accordingly, we find no abuse of discretion. 
          The record shows counsel considered subpoenaing Dr. Funk after reading his brief
report. We agree with the State that, far from demonstrating appellant suffered violation
of his due process rights through counsel’s failure to do so, the record shows counsel’s
reasonable exercise of professional judgment that making the jury aware of the opinions
Dr. Funk expressed in his report would not be helpful to appellant’s defense. Like the
Court of Criminal Appeals in Wallace, 106 S.W.3d at 108, we conclude that on this record,
the trial court reasonably could have concluded appellant’s motion and accompanying
affidavits did not show that he could be entitled to relief. In light of the entire evidentiary
record and the opinions Dr. Funk expressed in his report, we cannot find persuasive
appellant’s contention that the doctor’s more extensive involvement in the case “might have
led to major exculpatory testimony.”
          Our review of the record reveals a second reason we must conclude the trial court
did not abuse its discretion by failing to hold a hearing. Although appellant’s motion was
entitled “Motion for New Trial and for Evidentiary Hearing,” the motion does not contain a
request for a hearing, nor does the order in the record make reference to a hearing. See
Rozell, 176 S.W.3d at 231 (reference to hearing in order attached to motion insufficient to
request hearing when motion did not contain request).
           We overrule appellant’s first and fifth issues on appeal.
Exclusion of Evidence Set Forth in Offer of Proof
          In appellant’s second issue, he asserts the trial court erred in overruling his offer of
proof at trial concerning an earlier outcry of sexual abuse by A.G. regarding another
individual.


 This evidence included medical records and testimony by A.G.’s mother. In
appellant’s offer of proof, A.G.’s mother testified that in 2001 appellant’s sister told her that
A.G. claimed she had been “hurt” by an uncle that touched her inappropriately. This claim
was purportedly elicited after appellant’s sister asked A.G. leading questions. The medical
evidence introduced in appellant’s offer of proof showed that A.G. was examined on that
occasion, and that the examination revealed no injury or trauma. Appellant argued that
A.G.’s prior experience with such an outcry, in conjunction with A.G.’s knowledge of
appellant’s assault on her mother and her observations of her mother’s injuries from that
assault, led to fabrication regarding the allegations against him, particularly in light of the
fact that A.G.’s allegations against him came to light shortly after A.G. observed injuries
sustained by her mother from an assault by appellant. Appellant contends that the
evidence proffered was proof of motive, intent, plan, or knowledge on the part of A.G. or her
mother, admissible under Texas Rule of Evidence 404(b).
           The trial court’s decision whether to admit evidence under Rule 404(b) will be upheld
on appeal absent an abuse of discretion. Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990) (op. on reh’g). Thus, we will not intercede as long as the trial court's
ruling was at least within the zone of reasonable disagreement. Id. Evidence may be
admissible under Rule 404(b) if it has relevance apart from character conformity; that is, it
tends to establish some elemental fact, such as intent; that it tends to establish some
evidentiary fact, such as motive, opportunity, or preparation leading inferentially to an
elemental fact; or that it rebuts a defensive theory by showing the absence of mistake or
accident. Id. at 387-88. Relevant evidence is evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the action more probable
or less probable than it would be without the evidence. Tex. R. Evid. 401. Relevant
evidence is presumed admissible. Erazo v. State, 144 S.W.3d 487, 499 (Tex.Crim.App.
2004).
          Appellant contends on appeal that the excluded evidence served to support his theory
that A.G. fabricated the story of the sexual assault. He points to evidence that A.G. voiced
her outcry shortly after she first saw the injuries her mother suffered from appellant’s beating
the night before. A.G. testified at trial that her mother looked “horrible.” During cross-examination, A.G. agreed with counsel that she felt “very angry” about the beating. In this
context, appellant argues the jury should have been permitted to hear the evidence of “a
previous unfounded accusation by [A.G.].”
          As the State points out, the testimony of A.G.’s mother in appellant’s offer of proof
provides only indirect evidence of any statement by A.G. As noted, the mother testified that
appellant’s sister told her of A.G.’s statements. A.G. made no outcry to her mother on that
occasion. Appellant’s theory places the proffered evidence within the rule discussed in Lape
v. State, 893 S.W.2d 949, 956 (Tex.App.–Houston [14th Dist.] 1994, pet. ref’d), in which the
court affirmed the trial court’s exclusion of testimony concerning the complainant’s prior
allegations of sexual assaults because the allegations were not shown to be false. The trial
court reasonably could have viewed the testimony here in a similar light. Although it is clear
from the mother’s testimony that she believed appellant’s sister was coaching A.G. in the
2001 incident, no evidence shows that the specific statement attributed to A.G., then five
years old, was false. The trial court’s exclusion of the offer of proof testimony was not 
outside the zone of reasonable disagreement.


 Appellant’s second issue is overruled. 
 
Double Jeopardy
          Appellant’s fourth point of error asserts the trial court erred by overruling
appellant’s objections on double jeopardy grounds to the application paragraphs of the
jury charge, thereby violating appellant’s constitutional rights. Appellant specifically
contends that his conviction of two counts of the same offense, committed against the
same individual on the same day, differing only in manner and means, violated his
constitutional rights.
          Double jeopardy prohibits: (1) a subsequent prosecution for the same offense after
acquittal; (2) a subsequent prosecution for the same offense after conviction; and (3)
multiple punishments for the same offense. Gonzales v. State, 8 S.W.3d 640
(Tex.Crim.App. 2000); Nickerson v. State, 69 S.W.3d 661, 670-71 (Tex.App.–Waco
2002, pet. ref’d). The double jeopardy guarantee against multiple punishments for the
same offense does no more than to prevent greater punishment than the legislature
intended. Hutchins v. State, 992 S.W.2d 629, 631 (Tex.App.–Austin 1999, pet. ref’d).
Appellant argues here he has been subjected to multiple punishments for the same
offense by virtue of multiple counts alleging differing manner and means. 
          Thus, the inquiry here is whether the Legislature intended to permit multiple
punishments for proscribed acts contained within the same statutory subsection. See,
e.g., Ervin v. State, 991 S.W.2d 804, 814 (Tex.Crim.App. 1999). When multiple
punishments arise out of one trial, the Blockburger test is the starting point in analyzing
two offenses. Bigon v. State, 252 S.W.3d 360, 370 (Tex.Crim.App. 2008). See
Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The
Blockburger test asks whether each offense requires proof of an additional fact which the
other does not. Id. at 304. See Vick v. State, 991 S.W.2d 830, 833 n.1 (Tex.Crim.App.
1999), citing United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556
(1993) (reaffirming Blockburger test). When each offense requires proof of an element
that the other does not, multiple prosecution is not barred.


 Vick, 991 S.W.2d at 833 n.1.
           In this case, Count I required the State to prove penetration of A.G.’s anus by
appellant’s penis (genital to genital act). Count II required the State to prove penetration
of A.G.’s female sexual organ by appellant’s penis (also genital to genital act).


 The only
fact not common between the two is the State would have to prove appellant penetrated
A.G.’s anus with his penis in Count I whereas the State would have to prove appellant
penetrated A.G.’s female sexual organ with his penis in Count II. The two offenses are
therefore not the same under a strict application of the Blockburger test. However the
Blockburger test is a rule of statutory construction and is not the exclusive test for
determining if the two offenses are the same. Bigon, 252 S.W.3d at 370.
           In Ervin, 991 S.W.2d at 814, the Court of Criminal Appeals laid out a non-exclusive list of factors to consider when examining if two offenses are the same in the
context of multiple punishment. Those factors include: (1) whether the offense provisions
are contained within the same statutory section; (2) whether the offenses are phrased in
the alternative; (3) whether the offenses are named similarly; (4) whether the offenses
have common punishment ranges; (5) whether the offenses have a common focus, i.e.
“gravamen;” (6) whether that common focus tends to indicate a single instance of
conduct; (7) whether the elements that differ between the two offenses can be
considered the same under an imputed theory of liability that would result in the offenses
being considered the same under Blockburger; and (8) whether there is legislative history
containing an articulation of an intent to treat the offenses as the same or different for
double jeopardy purposes. Ervin, 991 S.W.2d at 814. These factors are not exclusive,
and the question ultimately is whether the legislature intended to allow the same conduct
to be punished under both of the offenses. Bigon, 252 S.W.3d at 371, citing Ervin, 991
S.W.2d at 814.
           We apply those factors here. The evidence presented at trial indicated that
appellant sexually assaulted his daughter by means of penetrating her (1) anally (Count I)
and (2) vaginally (Count II). Each of the offenses for which appellant was convicted are
set forth in section 22.021 of the Penal Code. See Tex. Penal Code Ann. § 22.021
(Vernon 2007). In fact, each of the offenses are set forth in the same subsection of the
statute. See Tex. Penal Code Ann. § 22.021(a)(B)(i) (Vernon 2007). This subsection
provides:
          (a) A person commits an offense:
                     (1) if the person:
                     (B) intentionally or knowingly:
(i) causes the penetration of the anus or sexual organ of a child by
any means;....
          The offenses for which appellant was convicted, penetration of A.G.’s anus and
penetration of A.G.’s female sexual organ, are set forth in the same subsection in the
alternative. The offenses both fall under the name “aggravated sexual assault” and differ
only with regard to the part of the body penetrated. The proscribed acts are subject to
the identical punishment, i.e., imprisonment for life or any term not more than 99 years or
less than 5 years and a fine of not more than $10,000. Tex. Penal Code Ann. § 12.32
(Vernon 2003). The focus of the offenses is the same: penetration of the child’s genital
area. See Vick v. State, 991 S.W.2d at 833. Lastly, section 22.021 is a conduct-oriented
offense in which the Legislature criminalized very specific conduct of several different
types. Id. Each of the criminalized acts is set forth in detail in five separate subsections
of the statute. Each section entails different and separate acts to commit the various,
prohibited conduct. Id. The statute’s specificity in separating the acts reflects the
legislature’s intent to separately and distinctly criminalize any act which constitutes the
proscribed conduct. Id. Because the offenses for which appellant was convicted are
under the same subsection, the Legislature did not intend to provide multiple
punishments for two acts falling under a single subsection. We find each of the relevant
factors weighs in favor of the two offenses being considered the “same” in these
circumstances.



          We therefore agree with appellant that his convictions for both offenses
constituted a violation of the double jeopardy guarantee. Generally, when a defendant is
convicted of two offenses in violation of the double jeopardy guarantee, the offense
carrying the more serious punishment will be retained and the other offense will be set
aside. See Bigon, 252 S.W.3d at 372-73; Landers v. State, 957 S.W.2d 558, 560
(Tex.Crim.App. 1997); Hutchins, 992 S.W.2d at 632. Here, each offense carries the
same punishment. We must, then, look to other criteria for determining which offense is
the more serious. Bigon, 252 S.W.3d at 373. In a similar situation, the Court of Criminal
Appeals looked to the degree of felony for each offense. Id. Again, we note both
offenses for which appellant was convicted are first degree felonies subject to the same
range of punishment and parole eligibility rules.


 See Tex. Penal Code Ann. § 22.021(e)
(Vernon 2007); Tex. Penal Code Ann. § 12.32 (Vernon 2003). However, the trial court
assessed court costs in the amount of $428 in Count I but did not assess any additional
fees or costs in Count II. See Ex Parte Cavazos, 203 S.W.3d at 338-39 (same term of
years assessed for each conviction, no fines assessed for either conviction, but
restitution of $122 was ordered in the judgment for burglary with intent to commit theft
and thus was the “most serious” offense). We find the offense under Count I is the more
serious.
          There is a second reason to retain appellant’s conviction under Count 1. All other
factors being equal, the conviction that should be affirmed is the offense named in the
first verdict form. See Ex parte Cavazos, 203 S.W.3d at 339 n.8. Here, Count I appears
first. For these reasons, we will retain appellant’s conviction and punishment for the
offense alleged in Count I (aggravated sexual assault by penetration of A.G.’s anus by
appellant’s penis) and vacate appellant’s conviction and punishment for the offense
alleged in Count II (aggravated sexual assault by penetration of A.G.’s female sexual
organ by appellant’s penis). Bigon, 252 S.W.3d at 372-73; Nickerson, 69 S.W.3d at 671. 
          Our disposition of appellant’s first, second, fourth and fifth issues makes
unnecessary our consideration of his third issue, which pertains to the jury charge on
Count II. Accordingly, we vacate the trial court’s judgment as to Count II and affirm the
trial court’s judgment as to Count I.
 
 
James T. Campbell

Justice

 

Do not publish.